SHALONDA MYLES and
SARAH MARSON on behalf
of themselves and all
others similarly situated,

      Plaintiffs,

      v.                       Case No.  20-CV-1498

WELLPATH LLC,

      Defendant.

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendant, Wellpath LLC, by its attorneys, Littler Mendelson, P.C., for its Answer and Affirmative Defenses to Plaintiffs' Amended Complaint, states as follows:

## PRELIMINARY STATEMENT

1. This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq*., Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiffs, Shalonda Myles and Sarah Marson, on behalf of themselves and all others similarly situated current and former hourly-paid, non-exempt employees of Defendant, Wellpath LLC, for purposes of obtaining relief under the FLSA and WWPCL for unpaid wages, unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

**ANSWER:** Defendant admits that Plaintiffs purport to bring claims under the FLSA and WWPCL for unpaid wages and unpaid overtime compensation and further purport to allege those claims on behalf of allegedly similarly-situated current and former hourly-paid, non-

exempt employees of Defendant. Except as specifically admitted, Defendant denies the allegations in Paragraph 1 of Plaintiffs' Amended Complaint.

2. Defendant operated (and continues to operate) an unlawful compensation system that deprived and failed to compensate all current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay, by: (1) failing to include all forms of non-discretionary compensation, such as monetary bonuses, shift differentials, incentives, awards, and/or other rewards and payments, in said employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL; and (2) failing to compensate said employees for daily rest breaks and for daily meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minutes, in violation of the WWPCL.

**ANSWER:** Defendant denies the allegations in Paragraph 2 of Plaintiffs' Amended Complaint.

3. Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed, including but not limited to at the correct and lawful overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

**ANSWER:** Defendant denies the allegations in Paragraph 3 of Plaintiffs' Amended Complaint.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the FMLA, 29 U.S.C. § 2601 *et seq.* [sic]

**ANSWER:** Defendant admits that this Court has jurisdiction over Plaintiffs' FLSA claim, but states that jurisdiction cannot be conferred by admission. Plaintiffs' Amended Complaint does not implicate the FMLA. Except as specifically admitted, Defendant denies the allegations in Paragraph 4 of Plaintiffs' Amended Complaint.

5. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:** Defendant admits that this Court has jurisdiction over Plaintiffs' claims, but states that jurisdiction cannot be conferred by admission. Except as specifically admitted, Defendant denies the allegations in Paragraph 5 of Plaintiffs' Amended Complaint.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant has substantial and systematic contacts, and regularly does business, in this District.

**ANSWER:** Defendant admits that venue is proper in this Court. Except as specifically admitted, Defendant denies the allegations in Paragraph 6 of Plaintiffs' Amended Complaint.

## PARTIES

7. Defendant is a Nashville, Tennessee-based company with a principal office address of 1283 Murfreesboro Pike, Suite 500, Nashville, Tennessee 37217.

**ANSWER:** Defendant admits the allegations in Paragraph 7 of Plaintiffs' Amended Complaint.

8. Defendant contracts with governmental and private entities across the United States to provide healthcare services to inmates.

**ANSWER:** Defendant admits that Defendant's business includes contracting with governmental and private entities across the United States to provide healthcare services to inmates.

9. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiffs, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

**ANSWER:** Although Paragraph 9 of Plaintiffs' Amended Complaint states a legal conclusion to which no response is required, Defendant admits that Defendant was an employer of Plaintiffs subject to coverage under the FLSA.

10. For purposes of the WWPCL, Defendant was an "employer" of Plaintiffs, and Plaintiffs was [sic] "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq*., 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

**ANSWER:** Although Paragraph 10 of Plaintiffs' Amended Complaint states a legal conclusion to which no response is required, Defendant admits that Defendant was an employer of Plaintiffs subject to coverage under the WWPCL.

11. Plaintiff, Shalonda Myles, is an adult female resident of the State of Wisconsin residing at N112 W16298 Mequon Road, Germantown, Wisconsin 53022.

**ANSWER:** Defendant admits that Plaintiff Myles is an adult female but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11 of Plaintiffs' Amended Complaint, and therefore, denies the allegations.

12. Plaintiff Myles' Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) was contemporaneously filed with the Complaint (ECF No. 1).

**ANSWER:** Defendant denies that "notice" of this action is either warranted or proper, but admits that a "Notice of Consent to Join" was filed with the Complaint.

13. Plaintiff, Sarah Marson, is an adult female resident of the State of Wisconsin residing at 3501 North 42nd Street, Milwaukee, Wisconsin 53216.

**ANSWER:** Defendant admits that Plaintiff Marson is an adult female but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 of Plaintiffs' Amended Complaint, and therefore, denies the allegations.

14. Plaintiff Marson's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Amended Complaint.

**ANSWER:** Defendant denies that "notice" of this action is either warranted or proper, but admits that a "Notice of Consent to Join" was filed with the Amended Complaint.

15. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff Myles worked as hourly-paid, non-exempt employee in the position of Registered Nurse on Defendant's behalf, at Defendant's direction, for Defendant's benefit, and with Defendant's knowledge at the Milwaukee County Jail in the State of Wisconsin.

**ANSWER:** Defendant admits that within the three years preceding the filing of the Complaint, Plaintiff Myles worked for Defendant in the position of registered nurse and that Plaintiff Myles was compensated on an hourly basis and classified as nonexempt.

16. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiff Marson worked as hourly-paid, non-exempt employee in the position of Medical Assistant on Defendant's behalf, at Defendant's direction, for Defendant's benefit, and with Defendant's knowledge at the Milwaukee County Jail in the State of Wisconsin.

**ANSWER:** Defendant admits that within the three years preceding the filing of the Complaint, Plaintiff Marson worked for Defendant in the position of medical assistant and that Plaintiff Marson was compensated on an hourly basis and classified as nonexempt.

17. Plaintiffs bring these FLSA and WWPCL causes of action on behalf of themselves and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1). Plaintiffs performed similar job duties as other current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant.

**ANSWER:** Defendant denies the allegations in Paragraph 17 of Plaintiffs' Amended Complaint, except to admit that Plaintiffs purport to bring this action on behalf of themselves and all other allegedly similarly-situated current and former hourly-paid, non-exempt employees who were employed by Defendant within the last three years from the date of filing of the Complaint.

18. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policies as enumerated herein.

**ANSWER:** Defendant denies the allegations in Paragraph 18 of Plaintiffs' Amended Complaint.

19. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other current and former hourly-paid, non-exempt employees on whose behalf Plaintiffs bring this Complaint performed compensable work in similarly-titled positions at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge.

**ANSWER:** Defendant admits that Plaintiffs and other current and former hourly-paid, non-exempt employees performed compensable work on behalf of Defendant and at the direction of Defendant within the last three years from the date of filing of the Complaint, but denies the remaining allegations in Paragraph 19 of Plaintiffs' Amended Complaint.

20. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant supervised Plaintiffs' day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt employees.

**ANSWER:** Defendant admits that Defendant supervised Plaintiffs' and other hourly-paid, non-exempt employees' day-to-day activities within the last three years from the date of filing of the Complaint, but denies the remaining allegations in Paragraph 20 of Plaintiffs' Amended Complaint.

21. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and suspended Plaintiffs and all other hourly-paid, non-exempt employees.

**ANSWER:** Defendant admits that Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiffs and other hourly-paid, non-exempt employees within the last three years from the date of filing of the Complaint, but denies the remaining allegations in Paragraph 21 of Plaintiffs' Amended Complaint.

22. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant reviewed Plaintiffs' work performance and the work performance of all other hourly-paid, non-exempt employees.

**ANSWER:** Defendant admits that Defendant had the ability and authority to review Plaintiffs' work performance and the work performance of other hourly-paid, non-exempt employees within the last three years from the date of filing of the Complaint, but denies the remaining allegations in Paragraph 22 of Plaintiffs' Amended Complaint.

23. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established the work rules, policies, and procedures by which Plaintiffs and all other hourly-paid, non-exempt employees abided in the workplace.

**ANSWER:** Defendant denies the allegations in Paragraph 23 of Plaintiffs' Amended Complaint.

24. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant controlled the terms and conditions of Plaintiffs' employment and the employment of all hourly-paid, non-exempt employees.

**ANSWER:** Defendant denies the allegations in Paragraph 24 of Plaintiffs' Amended Complaint.

25. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established Plaintiffs' work schedule and the work schedules of all other hourly-paid, non-exempt employees.

**ANSWER:** Defendant admits that Defendant established Plaintiffs' and other hourly-paid, non-exempt employees' work schedules within the last three years from the date of filing of the Complaint, but denies the remaining allegations in Paragraph 25 of Plaintiffs' Amended Complaint.

26. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant provided Plaintiffs and all other hourly-paid, non-exempt employees with work assignments and hours of work.

**ANSWER:** Defendant admits that Defendant provided Plaintiffs and other hourly-paid, non-exempt employees with work assignments within the last three years from the date of filing of the Complaint, but denies the remaining allegations in Paragraph 26 of Plaintiffs' Amended Complaint.

27. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs' hours of work and the hours of work of all other hourly-paid, non-exempt employees were tracked and recorded by Defendant.

**ANSWER:** Defendant admits that Defendant tracked and recorded the hours worked by Plaintiffs and other hourly-paid, non-exempt employees within the last three years from the date of filing of the Complaint, but denies the remaining allegations in Paragraph 27 of Plaintiffs' Amended Complaint.

## **GENERAL ALLEGATIONS**

28. In approximately June 2019, Defendant hired Plaintiff Myles as an hourly-paid, non-exempt employee in the position of Registered Nurse working at the Milwaukee County Jail.

**ANSWER:** Defendant admits that in June 2019, Defendant hired Plaintiff Myles as an hourly-paid, non-exempt registered nurse working at the Milwaukee County Jail.

29. In approximately April 2019, Defendant hired Plaintiff Marson as an hourly-paid, non-exempt employee in the position of Medical Assistant working at the Milwaukee County Jail.

**ANSWER:** Defendant admits that Defendant hired Plaintiff Marson as an hourly-paid, non-exempt medical assistant working at the Milwaukee County Jail, but denies that it hired her in April 2019.

30. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at jails and prisons across the United States, including but not limited to in the State of Wisconsin.

**ANSWER:** Defendant admits that Plaintiffs and other hourly-paid, non-exempt employees of Defendant were employed by Defendant within the last three years from the date of filing of the Complaint, but denies the remaining allegations in Paragraph 30 of Plaintiffs' Amended Complaint.

31. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiffs and all other hourly-paid, non-exempt employees.

**ANSWER:** Defendant admits that Defendant maintained employment records regarding Plaintiffs and other hourly-paid, non-exempt employees of Defendant within the last three years from the date of filing of the Complaint, but denies the remaining allegations in Paragraph 31 of Plaintiffs' Amended Complaint.

32.  During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiffs and all other hourly-paid, non-exempt employees.

**ANSWER:** Defendant admits that Defendant tracked and recorded the hours worked by Plaintiffs and other hourly-paid, non-exempt employees of Defendant within the last three years from the date of filing of the Complaint, but denies the remaining allegations in Paragraph 32 of Plaintiffs' Amended Complaint.

33.  During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiffs and all other hourly-paid, non-exempt employees for all remuneration earned.

**ANSWER:** Defendant admits that Defendant maintained a system of compensation for Plaintiffs and other hourly-paid, non-exempt employees of Defendant within the last three years from the date of filing of the Complaint, but denies the remaining allegations in Paragraph 33 of Plaintiffs' Amended Complaint.

34.  During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees frequently worked in excess of forty (40) hours per workweek.

**ANSWER:** Defendant denies the allegations in Paragraph 34 of Plaintiffs' Amended Complaint.

35.  During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiffs and all other hourly-paid, non-exempt employees frequently worked in excess of forty (40) hours per workweek.

**ANSWER:** Defendant denies the allegations in Paragraph 35 of Plaintiffs' Amended Complaint.

36.  During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiffs' and all other hourly-paid, non-exempt employees' hours worked each workweek.

**ANSWER:** Defendant admits that Defendant tracked and recorded the hours worked each workweek by Plaintiffs and other hourly-paid, non-exempt employees of Defendant within

the last three years from the date of filing of the Complaint, but denies the remaining allegations in Paragraph 36 of Plaintiffs' Amended Complaint.

37. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Friday through Thursday.

**ANSWER:** Defendant denies the allegations in Paragraph 37 of Plaintiffs' Amended Complaint.

38. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant compensated Plaintiffs and all other hourly-paid, non-exempt employees on a bi-weekly basis via paycheck.

**ANSWER:** Defendant admits that Defendant compensated Plaintiffs and other hourly-paid, nonexempt employees of Defendant on a bi-weekly basis within the last three years from the date of filing of the Complaint, but denies the remaining allegations in Paragraph 38 of Plaintiffs' Amended Complaint.

39. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees were subject to Defendant's same unlawful employment policies in practice, including but not limited [sic] Defendant's failure to include all forms of non-discretionary compensation, such as monetary bonuses, shift differentials, incentives, awards, and/or rewards and payments, in said employees' regular rates of pay for overtime calculations purposes, in violation of the FLSA and WWPCL.

**ANSWER:** Defendant denies the allegations in Paragraph 39 of Plaintiffs' Amended Complaint.

40. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant compensated Plaintiffs and all other hourly-paid, non-exempt employees with, in addition to an hourly or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses and incentives, shift differentials, awards, and/or other rewards and payments – on a daily, weekly, bi-weekly, and/or ad hoc basis.

**ANSWER:** Defendant denies the allegations in Paragraph 40 of Plaintiffs' Amended Complaint.

41. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), the monetary compensation that Defendant provided to Plaintiffs and all other hourly-paid, non-exempt employees was non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to said employees to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

**ANSWER:** Defendant denies the allegations in Paragraph 41 of Plaintiffs' Amended Complaint.

42. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's pay practices failed to include all forms of non-discretionary compensation, such as monetary bonuses, shift differentials, incentives, awards, and/or other rewards and payments, in Plaintiffs' and all other hourly-paid, non-exempt employees' regular rate(s) of pay for overtime calculations and compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period.

**ANSWER:** Defendant denies the allegations in Paragraph 42 of Plaintiffs' Amended Complaint.

43. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees were subject to Defendant's same unlawful employment policies in practice, including but not limited [sic] Defendant's failure to compensate said employees for daily rest breaks and for daily meal periods during which they were not completely relieved of duty or free from work for at least thirty (30) consecutive minute, in violation of the WWPCL.

**ANSWER:** Defendant denies the allegations in Paragraph 43 of Plaintiffs' Amended Complaint.

44. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system to "clock in" and "clock out" each work day.

**ANSWER:** Defendant denies the allegations in Paragraph 44 of Plaintiffs' Amended Complaint.

45. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system to record hours worked and work performed each work day.

**ANSWER:** Defendant denies the allegations in Paragraph 45 of Plaintiffs' Amended Complaint.

46. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant's electronic timekeeping system recorded the actual hours worked of Plaintiffs and all other hourly-paid, non-exempt employees.

**ANSWER:** Defendant denies the allegations in Paragraph 46 of Plaintiffs' Amended Complaint.

47. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant's electronic timekeeping system recorded the compensable work time of Plaintiffs and all other hourly-paid, non-exempt employees.

**ANSWER:** Defendant denies the allegations in Paragraph 47 of Plaintiffs' Amended Complaint.

48. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all hourly-paid, non-exempt employees used Defendant's electronic timekeeping system to "clock out" for (and to "clock back in" from) rest breaks and/or meal periods each work day.

**ANSWER:** Defendant denies the allegations in Paragraph 48 of Plaintiffs' Amended Complaint.

49. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant required Plaintiffs and all other hourly-paid, non-exempt employees to "clock out" for (and to "clock back in" from) rest breaks and/or meal periods each workday via its electronic timekeeping system.

**ANSWER:** Defendant denies the allegations in Paragraph 49 of Plaintiffs' Amended Complaint.

50. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees "clocked out" at the beginning of their rest breaks and/or meal periods each work day – and then "clocked back in" at the conclusion of their rest breaks and/or meal periods in the same manner – via Defendant's electronic timekeeping system.

**ANSWER:** Defendant denies the allegations in Paragraph 50 of Plaintiffs' Amended Complaint.

51. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees performed compensable work immediately prior to "clocking out" via Defendant's electronic timekeeping system for rest breaks and/or meal periods each work day.

**ANSWER:** Defendant denies the allegations in Paragraph 51 of Plaintiffs' Amended Complaint.

52. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant compensated Plaintiffs and all other hourly-paid, non-exempt employees for work performed immediately prior to "clocking out" its electronic timekeeping system for rest breaks and/or meal periods each work day.

**ANSWER:** Defendant denies the allegations in Paragraph 52 of Plaintiffs' Amended Complaint.

53. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees performed compensable work immediately after "clocking back in" via Defendant's electronic timekeeping system from rest breaks and/or meal periods each work day.

**ANSWER:** Defendant denies the allegations in Paragraph 53 of Plaintiffs' Amended Complaint.

54. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant compensated Plaintiffs and all other hourly-paid, non-exempt employees for work performed immediately after "clocking back in" via its electronic timekeeping system from rest breaks and/or meal periods each work day.

**ANSWER:** Defendant denies the allegations in Paragraph 54 of Plaintiffs' Amended Complaint.

55. On a daily basis during the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant's policy in practice was not to compensate Plaintiffs and all other hourly-paid, non-exempt employees for rest breaks and/or meal periods during which said employees "clocked out" and then "clocked back in" via its electronic timekeeping system.

**ANSWER:** Defendant denies the allegations in Paragraph 55 of Plaintiffs' Amended Complaint.

56. Often times on a daily basis during the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs' and all other hourly-paid, non-exempt

employees' rest breaks lasted approximately ten (10) to twenty (20) consecutive minutes in duration.

**ANSWER:** Defendant denies the allegations in Paragraph 56 of Plaintiffs' Amended Complaint.

57. Often times on a daily basis during the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs' and all other hourly-paid, non-exempt employees' rest breaks lasted approximately ten (10) to twenty (20) consecutive minutes in duration.

**ANSWER:** Defendant denies the allegations in Paragraph 57 of Plaintiffs' Amended Complaint.

58. Often times on a daily basis during the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs' and all other hourly-paid, non-exempt employees' meal periods lasted less than thirty (30) consecutive minutes in duration.

**ANSWER:** Defendant denies the allegations in Paragraph 58 of Plaintiffs' Amended Complaint.

59. Often times on a daily basis during the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs' and all other hourly-paid, non-exempt employees' meal periods lasted less than thirty (30) consecutive minutes in duration because said employees' [sic] were performing compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction.

**ANSWER:** Defendant denies the allegations in Paragraph 59 of Plaintiffs' Amended Complaint.

60. Often times on a daily basis during the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs' and all other hourly-paid, non-exempt employees' meal periods were not work-free for at least thirty (30) consecutive minutes in duration.

**ANSWER:** Defendant denies the allegations in Paragraph 60 of Plaintiffs' Amended Complaint.

61. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), the duration of Plaintiffs' and all other hourly-paid, non-exempt employees' daily rest breaks and daily meal periods were identified via said employees' "clock" times via Defendant's electronic timekeeping system.

**ANSWER:** Defendant denies the allegations in Paragraph 61 of Plaintiffs' Amended Complaint.

62. On a daily basis during the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees did not take and/or were not provided daily rest breaks and/or daily meal periods that lasted at least thirty (30) consecutive minutes in duration.

**ANSWER:** Defendant denies the allegations in Paragraph 62 of Plaintiffs' Amended Complaint.

63. On a daily basis during the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees "clocked out" at the beginning of their rest breaks and/or meal periods – and then "clocked back in" at the conclusion of their rest breaks and/or meal periods in the same manner – less than thirty (30) consecutive minutes thereafter, respectively, via Defendant's electronic timekeeping system in order to return to work at Defendant.

**ANSWER:** Defendant denies the allegations in Paragraph 63 of Plaintiffs' Amended Complaint.

64. On a daily basis during the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for rest breaks, in violation of the WWPCL.

**ANSWER:** Defendant denies the allegations in Paragraph 64 of Plaintiffs' Amended Complaint.

65. On a daily basis during the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of the WWPCL.

**ANSWER:** Defendant denies the allegations in Paragraph 65 of Plaintiffs' Amended Complaint.

66. On a daily basis during the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for rest breaks and meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of the WWPCL, which resulted in Defendant's failure to compensate said employees' [sic] with overtime pay for hours worked in excess of

15

forty (40) in a workweek, in violation of the FLSA and the WWPCL, and with a regular rate of pay for hours worked that did not exceed forty (40) in a workweek, in violation of the WWPCL.

**ANSWER:** Defendant denies the allegations in Paragraph 66 of Plaintiffs' Amended Complaint.

67. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiffs and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek, including but not limited to at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek in violation of the FLSA and WWPCL.

**ANSWER:** Defendant denies the allegations in Paragraph 67 of Plaintiffs' Amended Complaint.

68. During the three (3) year period immediately preceding the filing of the Complaint (ECF No. 1) and during workweeks when no overtime was due, Defendant suffered or permitted Plaintiffs and all other hourly-paid, non-exempt employees to work without being paid appropriate and lawful compensation for all hours worked and./or work performed at their regular hourly rate(s) of pay, in violation of the WWPCL.

**ANSWER:** Defendant denies the allegations in Paragraph 68 of Plaintiffs' Amended Complaint.

69. Defendant was or should have been aware that its policies in practice failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for all hours worked and/or work performed each workweek, including but not limited to at an overtime rate of pay.

**ANSWER:** Defendant denies the allegations in Paragraph 69 of Plaintiffs' Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

70. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective (Non-Discretionary Compensation):** All current and former hourly-paid, non-exempt employees employed by Defendant within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay

as a result of Defendant's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

**FLSA Collective (Hours Worked):** All hourly-paid, non-exempt employees employed by Defendant within three (3) years immediately prior to the filing of the Complaint, (ECF No. 1), who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to compensate said employees for daily rest breaks and/or daily meal periods that lasted less than thirty (30) consecutive minutes in duration.

**ANSWER:** Defendant admits that Plaintiffs purport to bring a claim for unpaid overtime compensation under the FLSA and further purport to allege that claim on behalf of allegedly similarly-situated current and former hourly-paid, non-exempt employees of Defendant, but denies that Plaintiffs are similarly situated to current and former hourly-paid, non-exempt employees of Defendant. Except as specifically admitted, Defendant denies the allegations in Paragraph 70 of Plaintiffs' Amended Complaint.

71. Plaintiffs and the FLSA Collectives primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**ANSWER:** Defendant denies the allegations in Paragraph 71 of Plaintiffs' Amended Complaint.

72. Plaintiffs and the FLSA Collectives were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

**ANSWER:** Defendant denies the allegations in Paragraph 72 of Plaintiffs' Amended Complaint.

73. Defendant, as a matter of policy and practice, did not include all forms of non-discretionary compensation, such as monetary bonuses, shift differentials, incentives, awards, and/or other rewards and payments, in Plaintiffs' and the FLSA Collective's (Non-Discretionary Compensation) regular rate(s) of pay for overtime calculation and compensation purposes during

workweeks when said employees worked more than forty (40) hours during the representative time period.

**ANSWER:** Defendant denies the allegations in Paragraph 73 of Plaintiffs' Amended Complaint.

74. Defendant, as a matter of policy and practice, did not compensate Plaintiffs and the FLSA Collective (Hours Worked) for daily rest breaks and/or daily meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of the WWPCL. These practices resulted in Plaintiffs and the FLSA Collective (Hours Worked) being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) hours in a workweek, in violation of the FLSA.

**ANSWER:** Defendant denies the allegations in Paragraph 74 of Plaintiffs' Amended Complaint.

75. The First and Second Claims for Relief are brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiffs on behalf of the FLSA Collectives.

**ANSWER:** Defendant admits that Plaintiffs purport to bring a claim under and maintained as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b). Except as specifically admitted, Defendant denies the allegations in Paragraph 75 of Plaintiffs' Amended Complaint.

76. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

**ANSWER:** Although Paragraph 76 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required, Defendant admits that FLSA Collective claims may be pursued by those who affirmatively opt-in to a legitimate case pursuant to 29 U.S.C. § 216(b). Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 76 of Plaintiffs' Amended Complaint.

77. Plaintiffs and the FLSA Collectives are similarly situated, have had substantially similar job requirements and pay provisions, and were subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them with overtime compensation. The claims of Plaintiffs stated herein are the same as those of the FLSA Collectives.

**ANSWER:** Defendant denies the allegations in Paragraph 77 of Plaintiffs' Amended Complaint.

78. Plaintiffs and the FLSA Collectives seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to lawfully compensate employees for all overtime compensation owed, including but not limited to at the correct and proper overtime rate of pay.

**ANSWER:** Defendant admits that Plaintiffs seek the relief set forth in Paragraph 78 of Plaintiffs' Amended Complaint. Except as specifically admitted, Defendant denies the allegations in Paragraph 78 of Plaintiffs' Amended Complaint.

79. The FLSA Collectives are readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collectives via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

**ANSWER:** Defendant denies the allegations in Paragraph 79 of Plaintiffs' Amended Complaint.

80. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the putative FLSA Collectives.

**ANSWER:** Defendant denies the allegations in Paragraph 80 of Plaintiffs' Amended Complaint.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

81. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> **WWPCL Class (Non-Discretionary Compensation):** All current and former hourly-paid, non-exempt employees employed by Defendant within two (2) years immediately prior to the filing of the Complaint, (ECF No. 1) and through the date of file judgment who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

**WWPCL Class (Hours Worked):** All hourly-paid, non-exempt employees employed by Defendant within two (2) years immediately prior to the filing of the Complaint, (ECF No. 1) and through the date of file judgment who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to compensate said employees for daily rest breaks and/or daily meal periods that lasted less than thirty (30) consecutive minutes in duration.

**ANSWER:** Defendant admits that Plaintiffs purport to bring a claim for unpaid wages and unpaid overtime compensation under the WWPCL and further purport to allege that claim on behalf of allegedly similarly-situated current and former hourly-paid, non-exempt employees of Defendant employed in Wisconsin, but denies that Plaintiffs are similarly situated to all current and former hourly-paid, non-exempt employees of Defendant employed in Wisconsin. Except as specifically admitted, Defendant denies the allegations in Paragraph 81 of Plaintiffs' Amended Complaint.

82. The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Classes are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

**ANSWER:** Defendant denies the allegations in Paragraph 82 of Plaintiffs' Amended Complaint.

83. The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over one hundred (100) members of each of the Wisconsin Classes.

**ANSWER:** Defendant denies the allegations in Paragraph 83 of Plaintiffs' Amended Complaint.

84. Plaintiffs' claims are typical of those claims which could be alleged by any members of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by

each member of the Wisconsin Classes in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. Plaintiffs and other members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

**ANSWER:** Defendant denies the allegations in Paragraph 84 of Plaintiffs' Amended Complaint.

85. Plaintiffs are able to fairly and adequately protect the interests of the Wisconsin Classes and have no interests antagonistic to the Wisconsin Classes. Plaintiffs are represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

**ANSWER:** Defendant denies the allegations in Paragraph 85 of Plaintiffs' Amended Complaint.

86. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

**ANSWER:** Defendant denies the allegations in Paragraph 86 of Plaintiffs' Amended Complaint.

87. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**ANSWER:** Defendant denies the allegations in Paragraph 87 of Plaintiffs' Amended Complaint.

88. Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**ANSWER:** Defendant denies the allegations in Paragraph 88 of Plaintiffs' Amended Complaint.

89. There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiffs and the Wisconsin Classes is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiffs and the Wisconsin Classes to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed to pay Plaintiffs and the Wisconsin Classes for all work Defendant suffered or permitted them to perform; (4) Whether Defendant t [sic] failed to include forms of non-discretionary compensation in Plaintiffs' and the WWPCL Class' regular rates of pay for overtime calculation purposes; and (5) The nature and extent of class-wide injury and the measure of damages for the injury.

**ANSWER:** Defendant denies the allegations in Paragraph 89 of Plaintiffs' Amended Complaint.

90. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**ANSWER:** Defendant denies the allegations in Paragraph 90 of Plaintiffs' Amended Complaint.

## FIRST CLAIM FOR RELIEF

91. Plaintiffs, on behalf of themselves and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

**ANSWER:** Defendant reasserts as if fully stated herein its answers to all paragraphs set forth above as if restated herein.

92. At all times material herein, Plaintiffs and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

**ANSWER:** Although Paragraph 92 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required, Defendant denies the allegations in Paragraph 92 of Plaintiffs' Amended Complaint.

93. At all times material herein, Defendant was an employer of Plaintiffs and the FLSA Collective as provided under the FLSA.

**ANSWER:** Although Paragraph 93 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required, Defendant admits that it is an "employer" subject to coverage under the FLSA. Defendant denies Plaintiffs are appropriate representatives for the alleged FLSA Collective, and denies the remaining allegations in Paragraph 93 of Plaintiffs' Amended Complaint.

94. At all times material herein, Plaintiffs and the FLSA Collective were employees of Defendant as provided under the FLSA.

**ANSWER:** Although Paragraph 94 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required, Defendant admits that Plaintiffs were employees of Defendant under the FLSA. Defendant denies Plaintiffs are appropriate representatives for the alleged FLSA Collective, and denies the remaining allegations in Paragraph 94 of Plaintiffs' Amended Complaint.

95. Plaintiffs and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

**ANSWER:** Defendant denies the allegations in Paragraph 95 of Plaintiffs' Amended Complaint.

96. Defendant violated the FLSA by failing to account for and compensate Plaintiffs and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime calculation purposes.

**ANSWER:** Defendant denies the allegations in Paragraph 96 of Plaintiffs' Amended Complaint.

97. 29 U.S.C. § 207(a)(1) regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

**ANSWER:** Defendant admits that the FLSA generally regulates the payment of overtime premiums as described in Paragraph 97. Except as specifically admitted, Defendant denies the allegations in paragraph 97 of Plaintiffs' Amended Complaint.

98. Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

**ANSWER:** Although Paragraph 98 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required, Defendant admits that it is subject to the FLSA. Except as specifically admitted, Defendant denies the allegations in paragraph 98 of Plaintiffs' Amended Complaint.

99. Defendant's failure to properly compensate Plaintiffs and the FLSA Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiffs and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

**ANSWER:** Defendant denies the allegations in Paragraph 99 of Plaintiffs' Amended Complaint.

100. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

**ANSWER:** Defendant denies the allegations in Paragraph 100 of Plaintiffs' Amended Complaint.

101. Plaintiffs and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing the Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**ANSWER:** Defendant denies the allegations in Paragraph 101 of Plaintiffs' Amended Complaint.

102. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**ANSWER:** Defendant denies the allegations in Paragraph 102 of Plaintiffs' Amended Complaint.

## SECOND CLAIM FOR RELIEF

103. Plaintiffs, on behalf of themselves and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

**ANSWER:** Defendant reasserts as if fully stated herein its answers to all paragraphs set forth above as if restated herein.

104. At all times material herein, Plaintiffs and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

**ANSWER:** Although Paragraph 104 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required, Defendant denies the allegations in Paragraph 104 of Plaintiffs' Amended Complaint.

105. At all times material herein, Defendant was an employer of Plaintiffs and the FLSA Collective as provided under the FLSA.

**ANSWER:** Although Paragraph 105 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required, Defendant admits that it is an "employer" subject to coverage under the FLSA. Defendant denies Plaintiffs are appropriate representatives for the alleged FLSA Collective, and denies the remaining allegations in Paragraph 105 of Plaintiffs' Amended Complaint.

106. At all times material herein, Plaintiffs and the FLSA Collective were employees of Defendant as provided under the FLSA.

**ANSWER:** Although Paragraph 106 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required, Defendant admits that Plaintiffs were employees of Defendant under the FLSA. Defendant denies Plaintiffs are appropriate representatives for the alleged FLSA Collective, and denies the remaining allegations in Paragraph 106 of Plaintiffs' Amended Complaint.

107. Plaintiffs and the FLSA Collective were victims of uniform compensation policies and practices in violation of the FLSA.

**ANSWER:** Defendant denies the allegations in Paragraph 107 of Plaintiffs' Amended Complaint.

108. Defendant violated the FLSA by failing to account for and compensate Plaintiffs and the FLSA Collective for overtime premium pay for each hour they worked in excess in forty (40) hours each workweek by failing to compensate Plaintiffs and the FLSA Collective for daily rest breaks and/or daily meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of the WWPCL.

**ANSWER:** Defendant denies the allegations in Paragraph 108 of Plaintiffs' Amended Complaint.

109. 29 U.S.C. § 207(a)(1) regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

**ANSWER:** Defendant admits that the FLSA regulates the payment of overtime premiums as described in Paragraph 109. Except as specifically admitted, Defendant denies the allegations in Paragraph 109 of Plaintiffs' Amended Complaint.

110. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

**ANSWER:** Although Paragraph 110 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required, Defendant admits that it is subject to the FLSA. Except as specifically admitted, Defendant denies the allegations in Paragraph 110 of Plaintiffs' Amended Complaint.

111. Defendant's failure to properly compensate Plaintiffs and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiffs and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

**ANSWER:** Defendant denies the allegations in Paragraph 111 of Plaintiffs' Amended Complaint.

112. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

**ANSWER:** Defendant denies the allegations in Paragraph 112 of Plaintiffs' Amended Complaint.

113. Plaintiffs and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of the Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

**ANSWER:** Defendant denies the allegations in Paragraph 113 of Plaintiffs' Amended Complaint.

114. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**ANSWER:** Defendant denies the allegations in Paragraph 114 of Plaintiffs' Amended Complaint.

## THIRD CLAIM FOR RELIEF

115. Plaintiffs, on behalf of themselves and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

**ANSWER:** Defendant reasserts as if fully stated herein its answers to all paragraphs set forth above as if restated herein.

116. At all relevant times: Plaintiffs and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(lr), 103.001(5), and 104.01(2)(a); Defendant was an employer of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendant employed, and/or continue to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and § DWD 272.01.

**ANSWER:** Although Paragraph 116 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required, Defendant denies the allegations in Paragraph 116 of Plaintiffs' Amended Complaint. Defendant further denies that it continues to employ Plaintiff.

117. Throughout the Wisconsin Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

**ANSWER:** Defendant denies the allegations in Paragraph 117 of Plaintiffs' Amended Complaint.

118. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff [sic] and the Wisconsin Class overtime compensation.

**ANSWER:** Defendant denies the allegations in Paragraph 118 of Plaintiffs' Amended Complaint.

119. Defendant willfully failed to pay Plaintiffs and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek in violation of Wisconsin Wage Payment Laws by failing to include all forms of non-discretionary compensation in the Wisconsin Class' regular rates of pay for overtime calculation purposes.

**ANSWER:** Defendant denies the allegations in Paragraph 119 of Plaintiffs' Amended Complaint.

120. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

**ANSWER:** Defendant denies the allegations in Paragraph 120 of Plaintiffs' Amended Complaint.

121. As set forth above, Plaintiffs and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER:** Defendant admits that Plaintiff seeks the relief set forth in Paragraph 121, but denies the remaining allegations in Paragraph 121 of Plaintiffs' Amended Complaint.

122. Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**ANSWER:** Defendant admits that Plaintiffs seeks the relief set forth in Paragraph 122, but denies the remaining allegations in Paragraph 122 of Plaintiffs' Amended Complaint.

## FOURTH CLAIM FOR RELIEF

123. Plaintiffs, on behalf of themselves and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

**ANSWER:** Defendant reasserts as if fully stated herein its answers to all paragraphs set forth above as if restated herein.

124. At all relevant times: Plaintiffs and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01 (lr), 103.001(5), and 104.01(2)(a); Defendant was an employer of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendant employed, and/or continue to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and § DWD 272.01.

**ANSWER:** Although Paragraph 124 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required, Defendant denies the allegations in Paragraph 124 of Plaintiffs' Amended Complaint. Defendant further denies that it continues to employ Plaintiffs.

125. Throughout the Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

**ANSWER:** Defendant denies the allegations in Paragraph 125 of Plaintiffs' Amended Complaint.

126. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the Wisconsin Class overtime compensation.

**ANSWER:** Defendant denies the allegations in Paragraph 126 of Plaintiffs' Amended Complaint.

127. Defendant willfully failed to pay Plaintiffs and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek by failing to compensate Plaintiffs and the Wisconsin Class for daily rest breaks and/or daily meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of Wisconsin Wage Payment Laws.

**ANSWER:** Defendant denies the allegations in Paragraph 127 of Plaintiffs' Amended Complaint.

128. As set forth above, Plaintiffs and the members of the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendant's violations.

Accordingly, Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER:** Defendant admits that Plaintiffs seek the relief set forth in Paragraph 128,

but denies the remaining allegations in Paragraph 128 of Plaintiffs' Amended Complaint.

129. Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**ANSWER:** Defendant admits that Plaintiffs seek the relief set forth in Paragraph 129,

but denies the remaining allegations in Paragraph 129 of Plaintiffs' Amended Complaint.

## FIFTH CLAIM FOR RELIEF

130. Plaintiffs, on behalf of themselves and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

**ANSWER:** Defendant reasserts as if fully stated herein its answers to all paragraphs set

forth above as if restated herein.

131. At all relevant times: Plaintiffs and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(lr), 103.001(5), and 104.01(2)(a); Defendant was an employer of Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendant employed, and/or continue to employ, Plaintiffs and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 et seq., 103.01 et seq., 104.01 et seq., and § DWD 272.01.

**ANSWER:** Although Paragraph 131 of Plaintiffs' Amended Complaint sets forth a legal

conclusion to which no response is required, Defendant denies the allegations in Paragraph 131

of Plaintiffs' Amended Complaint. Defendant further denies that it continues to employ

Plaintiffs.

132. Throughout the Class Period, Plaintiffs and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

**ANSWER:** Defendant denies the allegations in Paragraph 132 of Plaintiffs' Amended Complaint.

133. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the Wisconsin Class overtime compensation.

**ANSWER:** Defendant denies the allegations in Paragraph 133 of Plaintiffs' Amended Complaint.

134. Defendant willfully failed to pay Plaintiffs and the Wisconsin Class compensation for all hours worked and worked [sic] performed in workweeks when no overtime was due by failing to compensate Plaintiffs and the Wisconsin Class for daily rest breaks and/or daily meal periods that lasted less than thirty (30) consecutive minutes in duration, in violation of Wisconsin Wage Payment Laws.

**ANSWER:** Defendant denies the allegations in Paragraph 134 of Plaintiffs' Amended Complaint.

135. As set forth above, Plaintiffs and the members of the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiffs and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiffs and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

**ANSWER:** Defendant admits that Plaintiffs seek the relief set forth in Paragraph 135, but denies the remaining allegations in Paragraph 135 of Plaintiffs' Amended Complaint.

136. Plaintiffs and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**ANSWER:** Defendant admits that Plaintiffs seek the relief set forth in Paragraph 136, but denies the remaining allegations in Paragraph 136 of Plaintiffs' Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

1.      The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2.      Plaintiffs cannot meet the requirements of 29 U.S.C. § 216(b), and thus are not entitled to collective action certification of their FLSA claims.

3.      Plaintiffs cannot meet the requirements of Wis. Stat. § 803.08, and thus are not entitled to class certification of their WWPCL claims.

4.      Plaintiffs' claims and the claims they seek to assert on behalf of others are barred in whole or in part by the applicable statutes of limitations.

5.      The collective and class allegations should be dismissed because independent and individual analyses of Plaintiffs and the putative class and collective members' claims and Defendant's defenses to such claims are required.

6.      Plaintiffs cannot offer models of damages that are amenable to collective or class treatment.

7.      Certification of a collective or class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's procedural rights and rights to a trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

8.      If Plaintiffs and/or any putative collective or class members succeed in establishing any violation and to the extent any sums are found due and owing, any recovery should be offset by any sums owed by Plaintiffs and/or any putative collective or class members to Defendant.

9.      To the extent discovery reveals that Plaintiffs and/or any putative collective or class members falsely reported their hours, and there is no evidence Defendant knew or should have known they were providing false information regarding their hours, Defendant hereby invokes the doctrine of estoppel to bar the claims asserted by Plaintiffs and/or any putative collective or class members.

10.     Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254 as to all hours during which they engaged in activities that were preliminary or postliminary to their principal activities.

11.     Defendant asserts that any time spent by Plaintiffs beyond their compensated workweek was *de minimis*.

12.     Defendant's actions were not willful. No act or omission of Defendant which is alleged to violate the law was willful, knowing, or in reckless disregard for the provisions of the FLSA.

13.     To the extent Defendant is found to have violated the WWPCL with respect to Plaintiffs' Amended Complaint, said violation was not dilatory or unjust.

## PRAYER FOR RELIEF BASED ON DEFENDANT'S ANSWER AND DEFENSES

Wherefore, Defendant requests that judgment be granted in its favor and against Plaintiffs in the following manner:

1.      That the Amended Complaint be dismissed in its entirety;

2.      That Plaintiffs be ordered to pay Defendant's reasonable attorneys' fees and costs incurred in defending this action.

3.      That Defendant be awarded such other relief as the Court may deem appropriate.

Respectfully submitted this 23rd day of February, 2021.

WELLPATH LLC

By: */s/ Casey M. Kaiser*
One of Its Attorneys

Jennifer L. Ciralsky (SBN 1068092)
Casey M. Kaiser (SBN 1088881)
LITTLER MENDELSON, P.C.
111 East Kilbourn, Suite 1000
Milwaukee, WI 53202
Telephone: 414.291.5536
Facsimile: 414.291.5526
jciralsky@littler.com
ckaiser@littler.com