UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

SHALONDA MYLES and
SARAH MARSON on behalf
of themselves and all
others similarly situated,

    Plaintiffs,

v.

                         Case No. 20-CV-1498

WELLPATH LLC,

    Defendant.

## JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

The Class Representatives, Shalonda Myles and Sarah Marson (collectively, "Plaintiffs" or "Class Representatives"), individually and on behalf of the Rule 23 Class Members, and Defendant, Wellpath LLC, jointly move this Court for final settlement approval in this matter in accordance with the parties' executed Joint Stipulation of Settlement and Release (hereinafter simply, the "Settlement Agreement"), (Docket Number ("Doc. No.") 36-1,), and preliminarily approved by this Court. (Doc. No. 38.)

### SETTLEMENT BACKGROUND

This is a wage and hour case filed on behalf of hourly-paid, non-exempt employees who worked for Defendant in Wisconsin. Defendant contracts with governmental and private entities to provide healthcare services to inmates, including at the Milwaukee County Jail and Milwaukee House of Corrections. Plaintiffs allege that Defendant violated the Fair Labor Standards Act ("FLSA") and Wisconsin Wage Payment and Collection Law ("WWPCL") by failing to

incorporate all non-discretionary compensation into the regular rate of pay and by failing to compensate them for certain daily rest periods and meal periods when they were not completely relieved of duty and/or free from work for at least thirty (30) consecutive minutes. (Doc. No. 16.) Plaintiffs allege that they and the Rule 23 Class Members are due unpaid compensation, unpaid overtime compensation, liquidated damages, costs, and attorneys' fees.

Between approximately May 2021 and January 2022, Plaintiffs' counsel communicated and corresponded with Plaintiffs; researched case law relevant to Plaintiffs' claims; drafted, finalized, and filed the initial documents in this matter; prepared and served written discovery on Defendant; responded to written discovery from Defendant; obtained and reviewed documents relating to Defendant's compensation policies and practices; analyzed extensive time and payroll data for all Class Members; engaged in substantive arms-length settlement negotiations with Defendant's counsel regarding legal authority relevant to Plaintiffs' causes of action and Defendant's defenses; created and exchanged detailed damages models and monetary settlement calculations; and discussed other monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (Declaration of Scott Luzi ("Luzi Decl."), ¶ 7.) During this time, the parties exchanged monetary offers and preliminarily agreed on settlement terms and conditions, counsel for the parties worked directly to draft and finalize the settlement agreement. (*Id*.)

On February 4, 2022, the parties filed their Settlement Agreement with the Court. (Doc. No. 36-1.) On February 9, 2022, the Court preliminarily approved the Settlement Agreement. (Doc. No. 38.)

On April 7, 2022, the Notice packet approved by the Court was mailed to the Class Members by the parties mutually agreed upon Class Administrator, Simpluris.[1] (Luzi Decl., ¶ 8.) Class Members had until June 6, 2022, to opt-out or object to the terms of the Settlement Agreement. To date, Plaintiffs' counsel has not received any requests for exclusion (or, "opt out") and has not received any formal objections to the Settlement Agreement. The Class Members will, therefore, receive their individual settlement amounts as noted in Doc. No. 36-2. (*Id*.)

Given the considerations above, counsel for the parties believe that the terms and conditions embodied in the parties Settlement Agreement (Doc. No. 36-1), to be fair, reasonable, and adequate. (Luzi Decl., ¶ 7.)

## REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

Within fourteen (14) business days of the Final Judgment, Defendant shall transfer the Gross Settlement Amount to the Settlement Administrator. Within fourteen (14) business days after receiving the Gross Settlement Amount, the Settlement Administrator shall: (1) mail all Rule 23 Class Members their settlement payments; (2) mail the Class Representatives (Myles and Marson) each a check for the Service Award in the amount of Seven Thousand Five Hundred Dollars ($7,500.00); and (3) mail Class Counsel (Walcheske & Luzi, LLC) a check for Attorneys' fees and costs in the amount of One Hundred Thirty-One Thousand Six Hundred Sixty-Six Dollars and Sixty-Five Cents ($131,666.65). (Doc. No. 36-1, ¶ 11.)

Class Members will have one hundred and twenty (120) days after the issuance of the checks by the Settlement Administrator to cash their checks. If any Class Member's settlement check is not cashed within that 120-day period, the check will be void. In such event, any Class Member whose check was not cashed will be deemed to have waived irrevocably any right or

---

[1] https://www.simpluris.com/class-action-administration/

3

Case 2:20-cv-01498-SCD    Filed 06/27/22    Page 3 of 7    Document 45

claim to their Settlement Payment, but the Settlement nevertheless will be binding upon the Settling Plaintiff. If the Settlement Administrator is unable to deliver a settlement check to a Settling Plaintiff, or if a check remains uncashed after the 120-day period, the amount of such settlement checks will be retained by Defendant. (*Id.* at ¶ 12.)

## ARGUMENT

I. **FINAL SETTLEMENT APPROVAL STANDARD**

At final approval, the Court must determine whether the settlement is fair, reasonable, and adequate to the members of the plaintiff class. Fed. R. Civ. P. 23(e)(2). In making this determination, the Court must consider whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

*Id.*

The court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or

4

absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involved bona fide disputes regarding whether Defendant violated the WWPCL and FLSA, as alleged by Plaintiffs, including disputes on liability, class certification, and damages. Between approximately May 2021 and January 2022, counsel for the parties communicated directly and engaged in substantive, arms-length, and good-faith settlement negotiations and communications, such as exchanging relevant documentation (including Plaintiffs' payroll records, Plaintiffs' time records, and payroll and time information for the Class Members); creating and exchanging detailed damages models and monetary settlement calculations; and discussing other monetary and nonmonetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (Luzi Decl. ¶ 7.) During this time, the parties exchanged monetary offers and preliminarily agreed on settlement terms and conditions, counsel for the parties worked directly to draft and finalize the settlement agreement. (*Id.*)

The ultimate result of these efforts is embodied in the Settlement Agreement, (Doc. No. 36-1), which the parties believe is fair, reasonable, and adequate – and which provides significant monetary relief for Plaintiffs and the Rule 23 Class Members. (Luzi Decl. ¶ 7.)

The fairness and reasonableness of this settlement is also demonstrated by the response of the Rule 23 Class Members. Of these potential Class Members, no individual requested exclusion

from the settlement and no Class Member objected to the settlement. (Luzi Decl. ¶ 8.) These results demonstrate that the class generally approves of the settlement and has assessed the settlement to be a reasonable resolution of the asserted claims. The various factors the Seventh Circuit considers in determining if a class settlement is fair, reasonable, and adequate – including, for example the strength of the plaintiff's case, weighed against the settlement offer; the complexity, length, and expense of further litigation; the opinion of competent counsel; and the reaction of class members to the proposal – all support final approval of the Settlement Agreement.

## **CONCLUSION**

For all of the reasons herein, the parties respectfully request that this Court:

1. Certify the Class pursuant to Fed. R. Civ. P. 23;

2. Approve the Settlement Agreement as fair, reasonable, and adequate as applied to the Rule 23 Class Members;

3. Appoint Named Plaintiffs, Shalonda Myles and Sarah Marson, as the Class Representative;

4. Appoint Walcheske & Luzi, LLC as counsel for the Class;

5. Declare the Settlement Agreement to be binding on the parties;

6. Grant Plaintiff's Motion for Approval of Attorneys' Fees and Costs in the amount of One Hundred Thirty-One Thousand Six Hundred Sixty-Six Dollars and Sixty-Five Cents ($131,666.65);

7. Grant Plaintiff's Motion for Approval of Service Awards in the amount of Seven Thousand Five Hundred Dollars ($7,500.00) to each Named Plaintiff;

8. Dismiss with prejudice the Named Plaintiffs and the Rule 23 Class Members' released claims; and

9. Dismiss this matter with prejudice and with no additional costs to either party.

Dated this 27th day of June, 2022

| | |
|---|---|
| *s/ Scott S. Luzi* | *s/ Jennifer Ciralsky* |
| James A. Walcheske, SBN 1065635 | Jennifer Ciralsky, SBN 1068092 |
| Scott S. Luzi, SBN 1067405 | Casey M. Kaiser, SBN 1088881 |
| David M. Potteiger, SBN 1067009 | |
| | |
| WALCHESKE & LUZI, LLC | LITTLER MENDELSON, P.C. |
| 235 N. Executive Drive, Suite 240 | 111 East Kilbourn Avenue, Suite 1000 |
| Brookfield, Wisconsin 53005 | Milwaukee, Wisconsin 53202 |
| Telephone: (262) 780-1953 | Telephone: (414) 291-5536 |
| | |
| Email: jwalcheske@walcheskeluzi.com | Email: jciralsky@littler.com |
| Email: sluzi@walcheskeluzi.com | Email: ckaiser@littler.com |
| Email: dpotteiger@walcheskeluzi.com | |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

4864-5987-1782.1 / 073956-1048